# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTHONY CUNNINGHAM, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV418-253 |
| | ) | CR408-226 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Anthony Cunningham was sentenced to 70 months' imprisonment followed by five years' supervised release after pleading guilty to possession with intent to distribute a controlled substance and possession of a firearm in furtherance of a drug trafficking crime. Docs. 30 & 32.[1] He did not appeal. After beginning supervised release in December 2013, Cunningham's terms of supervision were modified to require participation in a drug and alcohol abuse treatment program. *See* doc. 35. He tested positive four times for marijuana and cocaine, however, in 2015 and 2016. Doc. 36. Based on this violation of a mandatory condition

---

[1] The Court is citing to the criminal docket in CR408-226 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

of his supervised release, Cunningham's probation officer petitioned the Court for his arrest and revocation of his supervised release. *Id*. The Court sentenced Cunningham to time served in September 2016, followed by three years of supervised release. Doc. 49.

Less than a year later, Cunningham was arrested and charged by the State with a litany of drug crimes, including manufacture, possession, trafficking, and sale of a controlled substance. Doc. 51. Because Cunningham had (again) violated a mandatory condition of his supervised release, his probation officer (again) petitioned the Court for his arrest and revocation of his supervised release. *Id*. After a hearing, the Court found, by a preponderance of the evidence, that Cunningham had violated his supervised release in a number of ways, revoked his supervised release, and sentenced Cunningham to 24 months' and 37 months' imprisonment, to be served concurrently with credit for time served, for two counts of sale of controlled substances. *See* doc. 72 (November 9, 2017 sentencing hearing transcript) at 45-48 (crediting time served since October 2, 2017). In lieu of appealing, *see* doc. 66 (Post-Conviction Consultation Certification), Cunningham filed his motion under 28 U.S.C. § 2255 to vacate his November 2017 sentence. Doc. 73.

2

Cunningham raises several arguments to undermine his revocation sentence.[2]   He contends that his revoked sentence is procedurally unreasonable and exceeds the applicable statutory penalties, that the Court relied on "unreliable evidence/testimony" to impose the sentence, and that counsel was ineffective at every stage of the proceedings. Doc. 73 at 4, 5, 7 & 8.  Cunningham attests that between his September 2016 revocation hearing and sentencing, counsel did not visit him, did not know where he was housed, and failed to provide him with a copy of the Presentence Investigative Report, and that after sentencing counsel tricked him into waiving his right to appeal.  Docs. 75 & 79.  Because of these failures, among other things, neither were prepared for the Government's witness whose perjurious testimony "changed the outcome of the proceeding" and Cunningham was sentenced to 37 months

_____

[2]   The Government reads Cunningham's motion to waive at a challenge to his first revocation sentence. *See* doc. 78 at 14-15.  Judgment was entered against Cunningham on September 20, 2016.  He therefore had until October 4, 2016, to file his notice of appeal.  Fed. R. App. P. 4(b)(1)(A)(i) (defendants must notice their appeals within 14 days from the entry of judgment).  Since he filed no appeal, Cunningham's conviction became final and § 2255(f)'s one-year clock began to tick on October 4, 2016.  He did not file the present § 2255 motion, however, until October 29, 2018, over a year too late.  He offers no argument excusing such untimeliness, thus any motion challenging that first revocation sentence is time-barred.  Cunningham presumably knows this, and that is why he specifically references his "11/9/17" sentence in the "timeliness of motion" section of his § 2255 motion.  Doc. 73 at 12.

incarceration instead of the 24 months that remained on his original sentence. *Id.* Movant's contentions are utterly without merit.

True, a failure to consult with a defendant regarding an appeal (or otherwise abide his wish to appeal) can constitute ineffective assistance of counsel. *See Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Movant, however, expressly told his lawyer, in writing, not to file an appeal after he was fully informed of his appellate rights. Doc. 66 ("Notice of Post-Conviction Consultation"[3]) at 2-3.[4] His bare assertions to the contrary now cannot overcome what he swore to be true shortly after sentencing. *See, e.g., Eason v. United States*, 2014 WL 4384652 at * 3 (S.D. Ga. Sept.

---

[3] The Notice is a document this Court developed to memorialize counsel's consultation with his client and reflect the client's appeal decision. *See Guyton v. United States*, 2013 WL 1808761 at * 2 (S.D. Ga. Apr. 29, 2013) (the "Notice of Counsel's Post-Conviction Obligations" requires that both counsel and client execute and file the form, thus preserving a record of defendant's instructions regarding an appeal). This form unambiguously confirms that Cunningham knowingly and voluntarily — after counsel fully explained "the consequences of failing [to appeal]" to him — declined to appeal his sentence.

[4] Cunningham, of course, ignores these inconvenient facts in declaring, under penalty of perjury, the contrary. Doc. 73 at 12 ("I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. . . ."). He is reminded that lying under oath, either live or "on paper," is a criminally prosecutable offense. *See, e.g., United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

3, 2014).  And, having failed to timely raise his claims on direct appeal, his claims regarding the Government's evidence are procedurally defaulted. *See United States v. Montano*, 398 F.3d 1276, 1279-80 (11th Cir. 2005) ("if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge." (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)).

"A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Mills*, 36 F.3d at 1055.  In other words, a movant may not use his collateral attack as "a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (cite omitted).  To excuse the procedural bar, a § 2255 movant must "demonstrate a cause for [his] default and show actual prejudice suffered as a result of the alleged error." *Montano*, 398 F.3d at 1280.  Because any errors in the admission of the Government's witness' testimony and evidence were 'available' on direct appeal, and he affirmatively declined to pursue an appeal, he is procedurally barred from raising them now in his collateral attack.  His associated, meritless ineffective assistance of counsel claims do not overcome that bar. *Montano*, 398 F.3d at 1280; *Lynn*, 365 F.3d at 1232; *United States v.*

5

*Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

Cunningham's argument that the District Court misapplied the sentencing guidelines, too, is dead on arrival. Mere sentencing errors that do not result in a "complete miscarriage of justice" are not cognizable in a § 2255 motion. *See Spencer v. United States*, 773 F.3d 1132, 1138-39 (11th Cir. 2014) ("a district court lacks the authority to review the alleged error unless the claimed error constitutes a fundamental defect which inherently results in a complete miscarriage of justice"). "When a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice." *Id.* at 1139. "Any miscalculation of the guideline range cannot be a complete miscarriage of justice because the guidelines are advisory." *Id.* at 1140; *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998). Meaning, *even if* the Court had erred — and it did not[5]

---

[5]   The District Court heard testimony from Liberty County Sheriff Lt. Sascha Krumnow regarding two controlled purchases of narcotics from Cunningham on July 28 and August 25, 2017. Lt. Krumnow testified that agents had viewed a live feed of the recordings during both buys, as Cunningham was being recorded, and the Government entered a still photograph of the first purchase into the record evidencing

— Cunningham would not be able to unwind that error through § 2255.

More generally, Cunningham contends counsel was deficient at every step of the proceedings. "To prevail on a claim of ineffective

---

Cunningham conducting the sale. Doc. 72 at 17, 19-21, 30. Cunningham was arrested following the second controlled purchase on August 25, 2017, and $1100 and a small amount of cocaine were seized. In a Mirandized statement, Cunningham admitted that the Government "pretty much got him . . . he got caught up doing a favor for someone else." *Id*. at 24 (Government introduced a recording of the statement into evidence). In other words, the Government proved by a preponderance of the evidence — all that is required, *see* 18 U.S.C. § 3583(e)(3); *United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004) — that the violations set forth in the revocation petition had in fact occurred. The District Court therefore found that Cunningham had violated the terms of his supervised release. Doc. 72 at 46-47.

Because "an explicit condition of supervised release[ ] [is] that the defendant not commit another Federal, State, or local crime during the term of supervision," 18 U.S.C. § 3583(d); *see* U.S.S.G. § 7B1.1 cmt. n. 1 ("[A] mandatory condition of . . . supervised release is that the defendant not commit another federal, state, or local crime."), Cunningham's supervise release was revoked. He argues that because he was never *convicted* of any drug charge by the State arising from these two controlled buys, that the court should not have revoked his supervised release. But the guidelines do not care about a conviction, only a defendant's *actual conduct*. *See* U.S.S.G. § 7B1.1 cmt. n. 1 ("A violation of this condition may be charged whether or not the defendant has been the subject of a separate federal, state, or local prosecution for such conduct. The grade of violation *does not* depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's *actual conduct*.") (emphases added).

Cunningham's argument that the revocation proceedings deprived of his Sixth Amendment right to confront the witness testifying against him, doc. 75 at 3-4 (citing *Crawford v. Washington*, among others), also fails. After all, neither the Federal Rules of Evidence, *see United States v. Frazier*, 26 F.3d 11 (11th Cir. 1994), nor the Confrontation Clause*, see United States v. Reese*, 775 F. 3d 1327 (11th Cir. 2014), apply in revocation proceedings. The Court did not error by taking this evidence into account to determine that Cunningham had indeed committed the actual conduct alleged in the petition or by sentencing Cunningham within the advisory guideline range specified for a Grade A violation, criminal history category IV as to each count.

assistance of counsel, a prisoner must prove that his counsel rendered deficient performance and that he was prejudiced by the deficient performance." *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." *Putman v. Head*, 268 F.3d 1223, 1243 (11th Cir. 2001). As to the prejudice prong, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Matire v. Wainwright*, 811 F.2d 1430, 1434 (11th Cir. 1987) (same).

Cunningham disputes counsel's preparation for and performance at the hearing, contending counsel failed to thoroughly investigate Lt. Krumnow's testimony about the recovered $1100, the vehicle he was allegedly driving, and whether or not the confidential informant (CI) was

8

a drug user.   Doc. 75.   But counsel thoroughly cross-examined Lt. Krumnow.   Doc. 72 at 28-41.   Counsel elicited testimony minimizing Cunningham's role, including testimony that Cunningham's co-defendant was actually the subject of law enforcement's investigation, the owner of the apartment where the controlled buys took place, and the person the CI had informed agents about.   *Id*.   Based on that testimony, counsel argued for a lower sentence to be imposed.   *Id*.   No reasonable court would consider such a performance outside the wide range of professional competence.   *See Putnam*, 268 F.3d at 1243.

Even were the Court to credit Cunningham's argument that he directed counsel to challenge Lt. Krumnow on certain discrepancies, Cunningham's preferred line of questioning (*i.e.*, challenging that he was found in possession of $1100 in marked bills versus $74 in unmarked, personal money, the CI's dependence issues, or the color of the truck he was driving (*see* docs. 72 & 75)), would have had no impact on his sentencing.   After all, the marked bills were the only evidence relevant to establishing his involvement in the controlled buys, the CI's recreational use did not contradict the recorded buys, and his truck color was inapposite to agents' identification of Cunningham based on physically

tracking him back to his residence after completing the first controlled purchase. Cunningham thus cannot show any *prejudice* flowing from counsel's alleged errors. Counsel's performance, in other words, was not constitutionally deficient. *See Butcher*, 368 F.3d at 1293 ("[A]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some *conceivable* effect on the outcome of the proceeding is insufficient to show prejudice.").[6]

In sum, Anthony Cunningham's motion to vacate his sentence under 28 U.S.C. § 2255 (doc. 73) should be **DENIED**.[7] Applying the

---

[6] Cunningham's more general 'everything counsel did was ineffective' argument, of course, fails. Conclusory allegations support no § 2255 relief. *E.g., Stanton v. United States*, 2017 WL 977504 at *6 (S.D. Ga. Jan. 9, 2017) (movants "cannot simply 'laundry list' conceived claims without explaining, with full citation to the record, how they were viable and that no reasonable lawyer would have missed them.").

"Laundry list" claims of deficient representation -- offered without explaining, with full citation to the record, how they were viable *and* that no reasonable lawyer would have missed them -- do not an ineffective assistance of counsel claim make. A typical claim succeeds only where counsel has, metaphorically speaking, shot at the side of a barn yet missed. *See Sullivan v. Secretary, Fla. Dep't. of Corr.*, 837 F.3d 1195, 1205 (11th Cir. 2016) (an attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance, as element of ineffective assistance of counsel); *see also id.* at 1206 (in prosecution for fleeing and attempting to elude a law enforcement officer, trial counsel was ineffective in presenting a voluntary intoxication defense long after it had been statutorily abolished, instead of advising defendant to accept state's pretrial plea offer).

[7] Because Cunningham's motion is entirely without merit and his contentions are

Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this

---

unambiguously contradicted by the record, an evidentiary hearing is not warranted. *Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004) (where the motion "amount[ed] to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied [movant]'s § 2255 motion.").

R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __22nd__ day of June, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

12