FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2020 JAN 16 PM 12:01
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANTHONY CUNNINGHAM, )
)
    Petitioner, )
)
v. ) CASE NO. CV418-253
)
UNITED STATES OF AMERICA, )
)
    Respondent. )
)

O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 10), to which objections have been filed (Doc. 11). After a careful review of the record, the report and recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Petitioner's 28 U.S.C. § 2255 petition is **DENIED**. In addition, the Court **DECLINES** to issue a Certificate of Appealability ("COA") in this case. Pursuant to 28 U.S.C. § 2253(c), an appeal may not be taken in this matter unless the court first issues a COA. This certificate may issue only if Petitioner has made a substantial showing of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court has carefully considered Petitioner's case and finds that he cannot meet the above standard. As a result, any request by Petitioner for leave to appeal in forma pauperis

would be moot. The Clerk of Court is **DIRECTED** to close this case.

In his objections, Petitioner advances the same arguments that Magistrate Judge Ray considered and rejected in the report and recommendation. (Doc. 11 at 1-2.) The Court agrees with Magistrate Judge Ray's conclusions. Additionally, Petitioner's reliance on United States v. Haymond, 139 S. Ct. 2369, 204 L. Ed. 2d 897 (2019) is misplaced. The United States Supreme Court found in Haymond that the application of 18 U.S.C. § 3583(k)'s mandatory minimum sentence violated the defendant's right to trial by jury. In this case, Petitioner was found to have violated the terms of his supervised release and had his term of supervised release revoked pursuant to 18 U.S.C. § 3583(e)(3)—not 3583(k). The Supreme Court explicitly stated that the holding in Haymond is limited to § 3583(k) and noted that "[u]nlike [the supervised release practices that Congress authorized in § 3583(e)(3)], § 3583(k) alone requires a substantial increase in the minimum sentence to which a defendant may be exposed based only on judge-found facts under a preponderance standard." Haymond, 139 S. Ct. at 2382-83. See also United States v. Horne, No. 19-10233, 2019 WL 4724473, at *3 (11th Cir. Sept. 26, 2019)

(declining to revisit constitutionality of § 3583(e)(3) based on Haymond).

SO ORDERED this 16th day of January 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA